UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**COOPER EQUIPMENT CO. AND
BEARD HOLDINGS, LLC,**

   *Plaintiffs*,

**B-C EQUIPMENT SALES, INC.**

   *Intervenor Plaintiff,*

v.

**HITACHI CONSTRUCTION
MACHINERY AMERICAS, INC.,**

   *Defendant*.

Case No. 5:24-CV-00069-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court are two Motions to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Hitachi Construction Machinery Americas, Inc. ("HCMA"). *ECF Nos. 9, 16*. Plaintiffs Cooper Equipment Co. and Beard Holdings, LLC, and Intervenor Plaintiff B-C Equipment Sales, Inc., responded. *ECF Nos. 10, 21*. Upon consideration, the Court concludes the Motions shall be **DENIED**.

## BACKGROUND

This case arises from Defendant HCMA's termination of Authorized Retail Dealer Agreements with Plaintiffs Cooper Equipment Co. ("Cooper") and Beard Holdings, LLC ("Beard"), and Intervenor Plaintiff B-C Equipment Sales, Inc. ("B-C") (collectively, "Plaintiffs"). HCMA is a manufacturer and supplier of construction equipment, and Plaintiffs are dealers of construction equipment. *ECF No. 3 at 2; ECF No. 15 at 2*.

HCMA entered into Authorized Retail Dealer Agreements ("Dealer Agreements") with Cooper and Beard in 2018, and B-C in 2020. *ECF Nos. 9-2, 9-3, 16-2*. Pursuant to the Dealer Agreements, Plaintiffs became authorized dealers of Hitachi brand equipment and parts. *ECF No. 3 at 2; ECF No. 15 at 2*. In 2023, HCMA sent Notices of Termination of the Dealer Agreements to Plaintiffs. *ECF No. 3 at 3; ECF No. 15 at 3*. The Notices set forth requirements under the Dealer Agreements which Plaintiffs allegedly failed to fulfill. *ECF No. 3 at 4; ECF No. 15 at 3*.

The Complaint filed by Plaintiffs Cooper and Beard is identical to the Complaint filed by Intervenor Plaintiff B-C. *ECF Nos. 3, 15*. Therefore, the Court will analyze both ("the Complaints") together and consider them as one.

In the Complaints, Plaintiffs allege the failures set forth in the Notices cannot support termination of the Dealer Agreements under applicable law. *ECF No. 3 at 4; ECF No. 15 at 4*. Plaintiffs assert two causes of action against HCMA: (1) violation of the Texas Fair Practices of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act (the "Act"); and (2) breach of contract. *ECF No. 3 at 5–8; ECF No. 15 at 4–8*. HCMA moves to dismiss the Complaints for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF Nos. 9, 16*.

For the reasons discussed herein, the Court finds Plaintiffs plausibly alleged causes of action for violation of the Act and breach of contract. Therefore, Cooper, Beard, and B-C may proceed at this stage of the litigation.

**LEGAL STANDARD**

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim

2

showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.; see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule of Civil Procedure 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## ANALYSIS

As stated, the Complaint filed by Plaintiffs Cooper and Beard is identical to the Complaint filed by Intervenor Plaintiff B-C. *ECF Nos. 3, 15*. For this reason, HCMA's

arguments in its Motions to Dismiss the Complaints are the same. *See ECF No. 16 at 1 n.1*. As such, to avoid unnecessary duplications, the Court will address HCMA's arguments concurrently.

**I.  The Fair Practices of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act**

The Fair Practices of Equipment Manufacturers, Distributors, Wholesalers, and Dealers Act (the "Act") regulates business relationships between manufacturers or suppliers of certain types of equipment and the independent dealers that sell the equipment to the public. *Fire Prot. Serv., Inc. v. Survitec Survival Products, Inc.*, 649 S.W.3d 197, 200 (Tex. 2022), *rehearing denied* (Sept. 2, 2022). The Act applies to a "dealer agreement," which the Act defines as "an oral or written agreement or arrangement, of definite or indefinite duration, between a dealer and a supplier that provides for the rights and obligations of the parties with respect to the purchase or sale of equipment or repair parts." *Id*. (citing Tex. Bus. & Com. Code § 57.002(4)). Under the Act, a supplier may not terminate a dealer agreement without good cause. *Id*. (citing Tex. Bus. & Com. Code § 57.153).[1] The Act enumerates circumstances in which good cause for termination of a dealer agreement exists. *Id*. (citing Tex. Bus. & Com. Code § 57.154(a)). The Act provides dealers a statutory remedy for violations, stating:

> If a supplier violates any provision of this chapter, a dealer may bring an action against the supplier in a court of competent jurisdiction for damages sustained by the dealer as a consequence of the supplier's violation, including damages for lost profits, together with the actual costs of the action, including the dealer's attorney's fees and paralegal fees and the costs of arbitrators.

---

[1] The Act contains separate subchapters dealing with termination of "single-line dealer agreements" and termination of "agreements other than single-line dealer agreements." *Id*. (citing Tex. Bus. & Com. Code §§ 57.151–.155, .201–.205); *see also id*. (citing Tex. Bus. & Com. Code § 57.002(16) (defining "single-line dealer agreement")). Both parties cite to the subchapter governing agreements other than single-line dealer agreements, so the Court assumes without deciding the parties' agreement here is not a "single-line dealer agreement." Regardless, both subchapters similarly prohibit a supplier from terminating a dealer agreement without good cause. *Id*. (citing Tex. Bus. & Com. Code §§ 57.153, .202).

*Id*. (citing Tex. Bus. & Com. Code § 57.401(a)). The statutory remedy is not exclusive and is in addition to any other remedy permitted by law or that may exist under the parties' agreement. *Id*. (citing Tex. Bus. & Com. Code §§ 57.401(b), .402).

In its Motions to Dismiss, HCMA contends Plaintiffs fail to set forth sufficient facts to support a cause of action under the Act. *ECF No. 9 at 3; ECF No. 16 at 3*. HCMA maintains Plaintiffs do not specify "how and why the reasons provided by HCMA [in the Notices of Termination] do not meet any definition of good cause." *Id*.

HCMA's argument is inconsistent with the text of the Complaints. In the Complaints, Plaintiffs plead facts that, when taken as true and viewed in the light most favorable to them, demonstrate HCMA lacked good cause under the Act for terminating the Dealer Agreements. Plaintiffs allege HCMA lacked good cause because Cooper, Beard, and B-C "at all times substantially complied with the essential and reasonable requirements under the Dealer Agreements." *ECF No. 3 at 6; ECF No. 15 at 5*. Further, Plaintiffs allege HCMA based its decision to terminate the Dealer Agreements not on one of the statute's enumerated good cause bases, but rather on "a desire to eliminate small wheel loader only dealers from [HCMA's] dealer network." *ECF No. 3 at 6; ECF No. 15 at 5*. Finally, Plaintiffs allege HCMA lacked good cause because: (1) most of the requirements cited in the Notices of Terminations were not previously communicated to them; (2) in some instances alleged defaults were caused by HCMA's own conduct; and (3) there was no consistent failure to satisfy reasonable standards and performance objectives. *ECF No. 3 at 6–7; ECF No. 15 at 6–7*. Based upon these clear allegations the Court concludes Plaintiffs provide sufficient facts to allege HCMA lacked good cause under the Act to terminate the Dealer Agreements.

The Court adds HCMA's Motions to Dismiss do not address Plaintiffs' claims, unrelated to good cause, that HCMA violated the Act by failing to provide an opportunity to cure the alleged defaults as required by the Act. *ECF No. 3 at 7; ECF No. 15 at 6–7.*

Accordingly, the Court concludes Plaintiffs stated a cause of action for violation of the Act that is "plausible on its face." *Twombly*, 550 U.S. at 570.

## II. Breach of Contract

In Texas, the essential elements of a breach of contract claim are:

> (1) the existence of a valid contract; (2) performance or tendered performance by the party bringing the claim; (3) breach of the contract by the party against whom the claim is brought; and (4) damages sustained by the party bringing the claim as a result of the breach.

*WG Monterrey Venture LLC v. DIG Monterrey Village, LLC*, No. 5:20-CV-00533-JKP, 2021 WL 327708 at *2 (W.D. Tex. Feb. 1, 2021) (citing *Estes v. JP Morgan Chase Bank, Nat'l Ass'n*, 613 F. App'x 277, 280 (5th Cir. 2015)). While HCMA does not dispute the existence or validity of the Dealer Agreements, HCMA argues Plaintiffs' cause of action for breach of contract should be dismissed for failure to identify specific contract provisions regarding performance and breach and because Plaintiffs do not state specific damages. *ECF No. 9 at 8–11*; *ECF No. 16 at 8–11*. The Court disagrees, finding Plaintiffs satisfy the liberal federal pleading standard as it relates to performance and breach. However, as to damages Plaintiffs will be ordered to amend the Complaints.

### A. Performance

HCMA argues Plaintiffs' cause of action for breach of contract should be dismissed because they "failed to meet pleading requirements to show they each performed or tendered performance." *ECF No. 9 at 9; ECF No. 16 at 9.*

In assessing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), Courts have found plaintiffs adequately plead performance by alleging they have "performed all actions required of [them] by the . . . [A]greement." *Siragusa v. Arnold*, No. 3:12-CV-04497, 2014 WL 3512988 at *3 (N.D. Tex. July 16, 2014) (citing *Tempur–Pedic Intern. v. Angel Beds L.L.C.*, 902 F.Supp.2d 958, 970 (S.D. Tex. 2012).

In the Complaints, Plaintiffs allege they "have at all times performed under the terms of the Dealer Agreement[s]." *ECF No. 3 at 8; ECF No. 15 at 7*. Defendants provide no authority for the proposition Plaintiffs' obligations must be further defined to plausibly allege performance. These allegations are sufficient to satisfy the pleading requirement. The Court will not require Plaintiffs to plead their compliance with every requirement of the Dealer Agreements.

To the extent HCMA alleges Plaintiffs do not "show" they performed or tendered performance, at the pleading stage plaintiffs need not prove their allegations under the plausibility standard. *ECF No. 9 at 9; ECF No. 16 at 9*. Plaintiffs will have to provide proof of these allegations at the summary judgment or trial stage, but they are not required to provide further details than they have at this stage. *See Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 788 (5th Cir. 2020).

### B. Breach

HCMA argues Plaintiffs failed to adequately plead a cause of action for breach of contract because they failed to specifically plead the contract provisions they allege it breached. *ECF No. 9 at 9–11; ECF No. 16 at 9–11*.

When possible, it is best for litigants to identify specific contractual provisions they allege were breached; however, Federal Rule of Civil Procedure 8 does not require that level of specificity, and failure to do so does not offend the notice requirement of Federal Rule of Civil

7

Procedure 12(b)(6). *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309–10 (5th Cir. 2021); *Innova Hospital v. Blue Cross & Blue Shield of Ga.*, 892 F.3d 719, 732 (5th Cir. 2018). An exception to this general rule exists in the context of a mortgage foreclosure, in which case, the plaintiff must identify the specific provision of the contract it alleges was breached to adequately plead a cause of action. *See*, *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014); *Royalty Clearinghouse, Ltd. v. CTS Properties, Ltd.*, No. A-16-CV-1342, 2017 WL 5071340, at *17 (W.D. Tex. July 12, 2017).

> In the Complaints, Plaintiffs allege:
>
> Per the Dealers Agreements, Plaintiffs were entitled to carry/sell the entire line of Hitachi products. Beginning in 2022, [HCMA] began distributing Hitachi excavators in addition to wheel loaders. Despite agreeing to allow Plaintiffs to sell the entire line of Hitachi products, [HCMA] did not offer to sell, or sell, Hitachi excavators to Plaintiffs for resale under the Dealer Agreements. [HCMA]'s refusal to offer to sell, or sell, Hitachi excavators to Plaintiffs is a breach of the Dealer Agreements."

*ECF No. 3 at 8; ECF No. 15 at 7–8*. These allegations are sufficient to inform HCMA of the nature of the breach and its actions that are alleged to constitute a breach. *See Sanchez*, 7 F.4th at 309*; Innova*, 892 F.3d at 731–32. Consequently, Plaintiffs' allegations satisfy the pleading requirements for this breach of contract cause of action. *See id; see also Twombly*.

As support for their argument, HCMA cites to *Howley v. Bankers Standard Insurance Company*, in support of dismissal. No. 20-10940, 2022 WL 576403 (5th Cir. Feb. 25, 2022). In *Howley*, the Fifth Circuit affirmed dismissal of a breach of contract cause of action where the plaintiff's complaint failed to explain how the defendant breached the contract. *Howley*, 2022 WL 576403 at *2. However, the *Howley* Court specifically found plaintiff's complaint offered "no insight" into how defendant's action amounted to breach. *Id.* Unlike the complaint

8

considered in *Howley*, Plaintiffs' Complaints do offer sufficient insight into how HCMA's alleged actions amount to breach. *Id*. Consequently, HCMA's argument in this regard must fail.

Also as support for its position, HCMA cites to mortgage-foreclosure cases. *See Escobar v. Select Portfolio Servicing, Inc.*, No. 5:23-CV-00579 (W.D. Tex. Sept 26, 2023). However, these cases are inapposite under these facts, and this exception does not apply.

For these reasons, despite HCMA's arguments to the contrary, these factual assertions, taken as true and construed in the light most favorable to Plaintiffs, sufficiently allege HCMA breached the Dealer Agreements by failing to allow them to carry and sell the entire line of Hitachi products. The Complaints provide sufficient notice that HCMA's actions have breached the Dealer Agreements.

### C. Damages

The final argument made by HCMA is Plaintiffs' cause of action for breach of contract should be dismissed because they inadequately plead damages. *ECF No. 9 at 11; ECF No. 16 at 11*. Plaintiffs respond by arguing the *Twombly-Iqbal* pleading standard does not apply to demands for relief. *ECF No. 10 at 14; ECF No. 21 at 14*.

Under Texas law, damages are an essential element to a breach of contract cause of action. *WG Monterrey*, 2021 WL 327708 at *2. "Contract damages are defined by the plaintiff's *actual* loss." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 278 (5th Cir. 2009) (emphasis added). "[A] party may not recover damages for breach of contract if those damages are remote, contingent, speculative, or conjectural." *Id*. (quoting *City of Dallas v. Villages of Forest Hills, L.P., Phase I*, 931 S.W.2d 601, 605 (Tex. App.—Dallas 1996, no writ)).

In the Complaints, Plaintiffs state the following concerning damages: "Plaintiff has been damaged as a result of Defendant's breach." *ECF No. 3 at 8; ECF No. 15 at 8*. Plaintiffs' allegations are conclusory, and thus, do not plausibly plead recovery of damages.

Thus, while the Court finds Plaintiffs sufficiently pleaded liability facts for breach of contract, they failed to sufficiently plead specific damages related to their cause of action for breach of contract. However, this Court finds dismissal of this cause of action for this reason to be a harsh result. Therefore, the Court will allow Plaintiffs the opportunity to amend the damages allegations. See *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *Hinojosa v. Wells Fargo Bank, N.A.*, No. 4:19-CV-3419, 2020 WL 12573277, at *1 (S.D. Tex. Dec. 4, 2020).

## CONCLUSION

For the reasons discussed, the Court finds Plaintiffs have plausibly alleged their causes of action sufficiently to survive HCMA's Rule 12(b)(6) challenge. HCMA's Motions to Dismiss are, therefore, **DENIED**. *ECF Nos. 9, 16*.

The Court **ORDERS** Plaintiffs to replead their Complaints as necessary to comply with the Federal Rules of Civil Procedure. Plaintiffs' amended complaint is due twenty-one (21) days from the date of this Order.

It is so ORDERED.
SIGNED this 9th day of October, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE